UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HENRIETTA MONTEGUE | * | CIVIL ACTION NO. |
| | * | |
| | * | SECTION |
| | * | |
| VERSUS | * | |
| | * | |
| | * | |
| STATE AUTO PROPERTY & CASUALTY | * | JURY TRIAL DEMANDED |
| INSURANCE COMPANY, | * | |
| EMILY VANCE, AND | * | |
| STATE FARM MUTUAL AUTOMOBILE | * | |
| INSURANCE COMPANY | * | |

## ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the plaintiff, **HENRIETTA MONTEGUE**, who respectfully avers as follows:

### NATURE OF THE CASE

1.

This is a civil action between citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars.

### JURISDICTION

2.

Jurisdiction of this court is predicated on diversity jurisdiction pursuant to 28 U.S.C. §1332.

## VENUE

3.

The unlawful action about which the plaintiff complains occurred within the Eastern District of Louisiana, in the Parish of St. Tammany, State of Louisiana. Pursuant to 28 U.S.C.§1391, this Court is a proper venue for this action.

## PARTIES

4.

At all time relevant hereto, the plaintiff, HENRIETTA MONTEGUE, is a person of the full age of majority and domiciled in the Eastern District of Louisiana, in the Parish of St. Tammany, State of Louisiana.

5.

At all times relevant hereto, the defendants are:

a) STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, a foreign insurer authorized to do and doing business in the Eastern District of Louisiana;

b) EMILY VANCE, a person of the full age of majority and domiciled in the County of McCracken, State of Kentucky; and

c) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurer authorized to do and doing business in the Eastern District of Louisiana.

## STATEMENT OF CLAIM

6.

On or about September 17, 2021, the petitioner, HENRIETTE MONTEGUE, was driving on Airport Road near the East I-12 entrance ramp in the Parish of St. Tammany, State of Louisiana. A vehicle owned and driven by the defendant, EMILY VANCE, failed to yield the right of way

resulting in a collision with your petitioner's vehicle, causing injuries and damages to your petitioner.

7.

At all relevant times, the defendant, STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, was the automobile liability insurer for the defendant, EMILY VANCE, under a policy of insurance issued to ERIC VANCE.

8.

At all relevant times, the defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was the uninsured/underinsured motorist carrier for the petitioner.

9.

As a result of the crash, the petitioner, HENRIETTA MONTEGUE was caused personal injuries.

10.

The above-described collision and ensuing injuries to the petitioner were caused by no fault of her own, but were caused by the negligence of the defendant, EMILY VANCE, in the following, but not necessarily exclusive, acts of negligence:

    A.    Failure of the defendant driver to maintain proper control of the vehicle;

    B.    Failure of the defendant driver to maintain a proper lookout;

    C.    Failure of the defendant driver to avoid striking the petitioner's vehicle;

    D.    Driving in a careless and reckless manner;

    E.    Failure of the defendant driver to use reasonable vigilance;

    F.    Failure to yield the right of way;

G. Disobeying a traffic control signal; and

H. Failure of the defendant driver to obey the traffic laws of the Parish of St. Tammany and the State of Louisiana, which are pleaded herein by reference; and

I. Any and all other acts of negligence that may be proved at trial.

## DAMAGES

11.

The petitioner, HENRIETTA MONTEGUE, itemizes her damages as follows:

A. Past, present, and future physical pain and suffering;

B. Past, present, and future mental anguish;

C. Past, present, and future medical expenses;

D. Loss of enjoyment of life;

E. Property damage and/or property damage deductible;

F. Loss of use of vehicle;

G. Rental car expenses; and

H. Any and all other damages that may be proved at the trial of these matters.

12.

The plaintiff is still treating for her injuries sustained in the crash on September 17, 2021 resulting in the ascertainment with certainty of her general and special damages not being ripe for precise computation at the time of filing the Original Complaint.

13.

## JURY DEMAND

The plaintiff demands that this matter be tried before a jury.

WHEREFORE, the petitioner prays that the defendant, STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, EMILY VANCE, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, be duly served at the designated time, and cited to appear and answer this Petition, all as provided by law; that after all legal delays and proceedings are had, there be judgment jointly, severally, and *in solido* against the defendant, STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, EMILY VANCE, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and in favor of the petitioner for reasonable damages, with legal interest from the date of judicial demand until paid, and for all costs of these proceedings, along with such other relief as law, equity, and the nature of this case may require.

Respectfully submitted:

*/s/Christopher H. Sherwood*
**CHRISTOPHER H. SHERWOOD (#27642)**
**WARREN A. FORSTALL, JR. (# 5717)**
**LAW OFFICES OF WARREN A. FORSTALL, JR., LLC**
320 N. Carrollton Avenue, Suite 200
New Orleans, LA 70119
Telephone:  (504) 483-3400
Facsimile:   (504) 483-3447
Email:        csherwood@chipforstall.com
Attorneys for the plaintiff, Henrietta Montegue

**PLEASE SERVE**:

1.  State Auto Property and Casualty Insurance Company
    through registered agent service of process:
    Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

2.  Emily Vance
    6565 Benton Road
    Paducah, KY 42003

3.  State Farm Mutual Automobile Insurance Company
    through registered agent service of process:
    Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809