UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRIETTA MONTEGUE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2969** |
| **STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Before the Court is Defendants State Auto Property & Casualty Insurance Company, Emily Vance, and State Farm Mutual Automobile Insurance Company's (collectively, "Defendants") "Motion to Exclude the Testimony of Plaintiff's Untimely Identified Expert, Dr. John Davis."[1] In the motion, Defendants move the Court to issue an Order excluding the opinion testimony of Dr. John Davis because Defendants assert Plaintiff Henrietta Montegue ("Plaintiff") failed to timely disclose Dr. John Davis as an expert as required by Federal Rule of Civil Procedure 26(a)(2)(C).[2] Plaintiff opposes the motion.[3] Both parties agree in the alternative to continue pre-trial deadlines and the trial date.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion in part to the extent that Dr. Davis's testimony will not be excluded and granted in part to the extent that the Court grants a brief continuance of the pre-trial deadlines and trial date.

---

[1] Rec. Doc. 23.

[2] *Id.*

[3] Rec. Doc. 19.

[4] Rec. Docs. 23, 29.

1

**I. Background**

On August 26, 2022, Plaintiff filed a complaint against Defendants State Auto Property & Casualty Insurance Company ("State Auto"), Emily Vance ("Vance"), and State Farm Mutual Automobile Insurance Company ("State Farm") in this Court, seeking recovery for injuries and property damage Plaintiff allegedly sustained in a motor vehicle collision.[5] According to the Complaint, on September 17, 2021, Plaintiff was allegedly operating a vehicle on Airport Road near the East I-12 entrance ramp while a vehicle Vance was operating collided with Plaintiff's vehicle.[6] Plaintiff alleges that Vance negligently failed to yield the right of way, causing the collision between the two vehicles.[7] Plaintiff alleges that State Auto is the automobile liability insurer for Vance.[8] Plaintiff alleges that State Farm is her uninsured/underinsured motorist carrier.[9]

On March 16, 2023, State Farm filed a crossclaim against State Auto and Vance, alleging that it was Vance's negligence that resulted in the vehicles collision and the injuries Plaintiff suffered.[10] Previously, the Court issued a Scheduling Order in which Plaintiff must provide Defendant with "[w]ritten reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B)" by September 11, 2023.[11] The Scheduling Order also requires the parties to file in the

---

[5] Rec. Doc. 1.

[6] *Id.* at 2–3.

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.*

[10] Rec. Doc. 14.

[11] Rec. Doc. 10 at 3.

record and serve opposing parties a list of all witnesses who will be called to testify at trial by October 6, 2023.[12] On October 6, 2023, Defendants filed the instant "Motion to Exclude the Testimony of Plaintiff's Untimely Identified Expert, Dr. John Davis."[13] On October 18, 2023, Plaintiff filed an opposition to the motion.[14] The current discovery deadline is October 27, 2023 and trial is set for January 8, 2024.[15]

## II. Parties' Arguments

### A.   *Defendants' Arguments in Support of the Motion to Exclude*

Defendants move the Court to issue an Order excluding the opinion testimony from Dr. Davis because Defendants assert Plaintiff failed to timely disclose Dr. Davis as an expert as required by Federal Rule of Civil Procedure 26(a)(2)(C).[16] Defendants assert that on October 4, 2023, Plaintiff notified them that Plaintiff was recently treated by Dr. Davis for neck pain on a September 28, 2023 visit, but Dr. Davis was not disclosed as an expert in Plaintiff's Rule 26(a)(2)(C) disclosures.[17] Defendants note that thereafter, on October 5, 2023, Plaintiff filed a Supplemental and Amended Expert Disclosure adding Dr. Davis as an expert and amending her disclosure for Dr. Glynn, another doctor treating Plaintiff for her neck conditions.[18] Defendants

---

[12] *Id.*

[13] Rec. Doc. 23.

[14] Rec. Doc. 29.

[15] Rec. Doc. 10 at 5.

[16] Rec. Doc. 23.

[17] Rec. Doc. 23-6 at 3–4.

[18] *Id.* at 4 (citing Rec. Doc. 23-5).

3

reason that according to the Scheduling Order, the deadline for Plaintiff to disclose to Defendants the identity of experts Plaintiff intends to call at trial was September 11, 2023.[19]

Defendants argue that Plaintiff's failure to comply with the Scheduling Order is not harmless because Defendants would not be prepared to counter Plaintiff's allegations that she suffered injury to her neck, as Plaintiff stated in a May 17, 2021 deposition that only her left knee and left foot were injured.[20] Defendants argue in the alternative that the Court should extend the trial date and all pretrial deadlines.[21] However, Defendants argue that an extension of trial dates and pretrial deadlines would not "fully cure the prejudice to Defendants as it is anticipated Plaintiff will continue to treat for the neck pain" and correspondingly, Defendants will need additional continuances to complete discovery.[22] Accordingly, Defendants assert that the Court should exclude opinion testimony from Dr. Davis.[23]

### B.    *Plaintiff's Arguments in Opposition to the Motion to Exclude*

In opposition, Plaintiff first notes that the Scheduling Order required that the deadline for Plaintiff to turn over experts reports required by Rule 23(a)(2)(B) was September 11, 2023.[24] Plaintiff further notes that the other relevant deadline in the Scheduling Order is the October 6, 2023 deadline for the parties to file and serve their opponents a list of all witnesses and exhibits.[25]

---

[19] *Id.* at 5.

[20] *Id.* at 5–7 (citing Rec. Doc. 23-3 at 2).

[21] *Id.* at 7–8.

[22] *Id.* at 8.

[23] *Id.* at 3.

[24] Rec. Doc. 29 at 1.

[25] *Id.*

Therefore, Plaintiff asserts that Defendants' motion should be denied because Defendants' motion concerns Rule 23(a)(2)(C) disclosures, but the September 11, 2023 deadline is only for Rule 23(a)(2)(B) disclosures.[26] Plaintiff reasons that her disclosure of Dr. Davis as a treating physician on October 5, 2023 is timely based on the Court's October 6, 2023 deadline for the parties to provide a list of all testifying witnesses.[27]

Next, Plaintiff argues in the alternative that if the Court finds that her disclosure of Dr. Davis as a treating physician was untimely, Defendants "are not unduly prejudiced or harmed by the disclosure of Dr. John Davis."[28] Plaintiff notes that the Fifth Circuit looks at four factors to determine whether the testimony of a late-designated expert witness should be permitted.[29]

Plaintiff argues that the first factor, the importance of the witness's testimony, weighs in favor of allowing Dr. Davis's testimony because Dr. Davis is her treating physician and a "treating physician's testimony is essential to a personal injury case."[30] Plaintiff notes that she visited Dr. Glynn for an examination of her neck injuries on December 15, 2022 and over the course of her treatment with him, Dr. Glynn referred her to Dr. Davis for further treatment of the neck pain.[31] Plaintiff argues that the second factor, whether the opposing party will be prejudiced if the witness

---

[26] *Id.*

[27] *Id.* at 1–2.

[28] *Id.* at 4.

[29] *Id.* at 4–5 (citing *Campbell v. Keystone Aerial Survs., Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (citations omitted) (The four factors are: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness)).

[30] *Id.* at 6 (citing to *Davis v. Liberty Mutual Fire Ins. Co.*, No. 22-1538, 2023 WL 5815779, at *6 (E.D. La. June 22, 2023) (Vance, J.)).

[31] *Id.* at 5–6.

5

is allowed to testify, also favors Dr. Davis testifying because Defendants' will not be prejudiced if Dr. Davis testifies.[32] Plaintiff reasons that this is because Plaintiffs had disclosed her neck conditions to Defendants much earlier, provided medical records from Dr. Glynn relating to the neck treatment, and Defendants have retained an expert medical doctor who could testify to Plaintiff's neck condition.[33] As to the third factor, whether a continuance would cure prejudice to the opposing party, Plaintiff argues that a continuance of the discovery deadline would allow Defendants time to conduct discovery of the opinions of Dr. Davis.[34] As to the fourth factor, the explanation given for the failure to identify the witness, Plaintiff argues that she has provided an adequate explanation that Dr. Davis was not disclosed until October 5, 2023 because it was in Dr. Glynn's course of treating Plaintiff that Dr. Glynn referred her to Dr. Davis for further treatment of her neck condition.[35]

### III. Legal Standard

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. Pursuant to Rule 26(a)(2)(B), experts retained specifically for litigation must provide formal expert reports.[36] Before the 2010 amendments to the Federal Rules of Civil Procedure, non-retained experts were exempt from Rule 26's disclosure requirements under certain circumstances.[37] Following the 2010

---

[32] *Id.* at 7.

[33] *Id.*

[34] *Id.* at 8.

[35] *Id.* at 8–9.

[36] Fed. R. Civ. P. 26(a)(2)(B).

[37] *Sheppard v. Liberty Mutual Ins. Co.*, No. 16-2401, 2017 WL 467092, at *1 (E.D. La. Feb. 2, 2017) (Vance, J.).

amendments, however, a non-retained expert is "subject to a separate, less stringent disclosure regime than their retained counterparts" under Rule 26(a)(2)(C).[38] "Rule 26(a)(2)(C) addresses the disclosure of expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness."[39] A Rule 26(a)(2)(C) witness's expert opinion "must be based on facts or data obtained or observed in the course of the sequence of events giving rise to the litigation."[40] A reason for requiring less stringent disclosures for non-retained experts is that "these witnesses have not been specially retained and may not be as responsive to counsel as those who have."[41]

Rule 26(a)(2)(C) requires the party submitting a non-retained expert's testimony to provide a summary disclosure that states "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify."[42] These disclosures must be made in accordance with the deadlines set in the Court's Orders, or, absent a stipulation or a court order, at least 90 days before trial or within 30 days of the other parties' disclosure when offered solely to rebut or contradict such evidence.[43]

---

[38] *Id. See also Causey v. State Farm Mut. Auto. Ins. Co.*, No. CV 16-9660, 2018 WL 2234749, at *1 (E.D. La. May 16, 2018) (Africk, J.) "[T]reating physicians fall under the limited disclosure requirement" of Rule 26(a)(2)(C). *Id.*

[39] *LaShip, L.L.C. v. Hayward Baker, Inc.*, 680 F. App'x 317, 324 (5th Cir. 2017).

[40] *Laship, L.L.C. v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013) (Brown, J.), *aff'd* 680 F. App'x at 317.

[41] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes ("This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement.").

[42] Fed. R. Civ. P. 26(a)(2)(C).

[43] Fed. R. Civ. P. 26(a)(2)(D).

The Advisory Committee Notes to the 2010 amendments make clear that a treating physician may be called as non-retained expert, and any expert opinion that a treating physician provides will be subject to the disclosure requirements of Rule 26(a)(2)(C).[44] The Rule 26(a)(2)(C) "disclosure obligation does not include facts unrelated to the expert opinions the witness will present."[45] Therefore, only proposed expert testimony must be disclosed under Rule 26(a)(2)(C), and a treating physician may testify as a fact witness without making such a disclosure.

## IV. Analysis

Rule 26 requires litigants to disclose expert testimony. A plaintiff can disclose his or her treating physicians' expert testimony pursuant to either Rule 26(a)(2)(B) or Rule 26(a)(2)(C). Rule 26(a)(2)(B) requires experts retained specifically for litigation to provide a formal expert report.[46] Defendants move the Court to issue an Order excluding the opinion testimony from Dr. Davis because Defendants assert that Plaintiff failed to timely identify Dr. Davis as an expert witness as required by Federal Rule of Civil Procedure 26(a)(2)(C).[47] In opposition, Plaintiff argues that the motion should be denied because she timely disclosed Dr. Davis as an expert under Rule 26(a)(2)(C).[48] The parties do not dispute that Dr. Davis is a treating physician, non-retained expert, and not a witness who was "retained or specially employed to provide expert testimony in the

---

[44] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).").

[45] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes.

[46] Fed. R. Civ. P. 26(a)(2)(B).

[47] Rec. Doc. 23; Rec. Doc. 23-6 at 4–5.

[48] Rec. Doc. 29 at 1–4.

case" for Rule 26(a)(2)(C) to apply rather than Rule 26(a)(2)(B).[49] Therefore, the Court will analyze whether Plaintiff has satisfied Rule 26(a)(2)(C)'s disclosure requirements.

Rule 26(a)(2)(C) requires the disclosure of non-retained experts to state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."[50] Rule 26(a)(2)(D) governs the time to disclose expert testimony and requires that expert disclosures to be made "at the times and in the sequence that the court orders" and if there is no court order specifying a deadline for doing so, the disclosures must be made at least 90 days before the trial date.[51]

Here, the Court's Scheduling Order requires Plaintiff to provide Defendants with all experts reports and disclosures, for both retained and non-retained experts, by September 11, 2023.[52] However, the language in the Scheduling Order is ambiguous in that it does not specifically address 26(a)(2)(C) disclosures. Nevertheless, because the record indicates that Plaintiff has not yet reached maximum medical recovery, the Court will grant a brief continuance of the pre-trial deadlines and trial date. Plaintiff began treatment with Dr. Glynn on December 15, 2022, and in the course of Plaintiff's treatment with him, Dr. Glynn "referred" Plaintiff to Dr.

---

[49] Fed. R. Civ. P. 26(a)(2)(B).

[50] Fed. R. Civ. P. 26(a)(2)(C).

[51] Fed. R. Civ. P 26(a)(2)(D).

[52] Rec. Doc. 10 at 3. The Scheduling Order provides that "[w]ritten reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for the Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than September 11, 2023." Although the Scheduling Order does not explicitly state that disclosures for non-retained experts are due on September 11, 2023, the Court intends for all expert disclosures and reports to be due on the same date. The Court will amend the Scheduling Order to clarify this issue in the future.

Davis "for some tingling that she has on the left side of her neck."[53] In Dr. Davis's October 10, 2023 visit report, he indicated that he discussed surgery with Plaintiff as one treatment option, that she is receiving physical therapy, and that certain neck injections may be necessary.[54] Based on the record and Plaintiff's representations, it does not appear that the current trial date will allow Plaintiff sufficient time to complete medical treatment for her injury, reach maximum medical recovery, and for the parties to complete discovery on damages. The parties agree in the alternative for a continuance of the discovery deadlines and trial date so that Defendants may complete discovery on Drs. Glynn and Davis's opinions. The parties must contact the Court's case manager within 14 days of this Order to conduct a scheduling conference and set a new pretrial conference date, trial date, and new pretrial deadlines in accordance with the requested timeframe.

      Accordingly,

---

[53] Rec. Doc. 29-4 at 6; Rec. Doc. 29-5 at 4.

[54] Rec. Doc. 29-6 at 4.

**IT IS HEREBY ORDERED** that Defendants' "Motion to Exclude the Testimony of Plaintiff's Untimely Identified Expert, Dr. John Davis"[55] is **DENIED** in part to the extent that Dr. Davis's testimony is not excluded. It is **GRANTED** in part to the extent that the Court grants a brief continuance of the pre-trial deadlines and trial date.

**IT IS FURTHER ORDERED** that the parties must contact the Court's case manager within 14 days of this Order to conduct a scheduling conference and set a new pretrial conference date, trial date, and new pretrial deadlines.

**NEW ORLEANS, LOUISIANA,** this  24th  day of October, 2023.

                                        _____
                                        **NANNETTE JOLIVETTE BROWN**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**

---

[55] Rec. Doc. 23.